Martin J. Mack, Esq. County Attorney, Cortland County
You have asked whether it is a conflict of interest for a county real property tax director to also engage in business as a real estate broker.
The development of ethics standards to define when private employment is in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806[1]). Governing bodies of a county, city, town, village and school district are required to adopt a code of ethics, which must include these and other standards (ibid.). A code of ethics may provide for the prohibition of conduct in violation of ethics standard (ibid.). Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics (id., § 808).
Under section 1532 of the Real Property Tax Law, a director of real property tax services provides advisory appraisals to cities and towns; advises assessors on procedures for the preparation and maintenance of assessment rolls, property report cards, appraisal cards and other records and documents relating to real property assessment and taxation; coordinates any countywide re-evaluation program; and renders other related services pertaining to assessment and taxation of real property as authorized by the county legislative body.
In our view, it is highly inadvisable for a real estate broker to serve as the director of real property tax services for the county wherein he operates as a broker. In preparing appraisals and providing advice to assessors on property where he also served as a broker, the person is faced with a conflict between his official duties and allegiances owed to the buyer or seller of the property, that may affect his independent judgment. Public officials should avoid private employment which compromises their ability to make impartial judgments solely in the public interest. Even the appearance of impropriety should be avoided in order to maintain public confidence in government.
A municipal code of ethics should include standards that define and prohibit private conduct in conflict with official duties. In determining whether a disqualifying conflict exists, the county should take into consideration the extent of the person's brokerage business within the county. Where substantial conflicts are inevitable, the county should act to prohibit its real property tax director from engaging in such private employment.
We conclude that a local government should include in its code of ethics standards that define and prohibit private conduct in conflict with official duties. Where substantial conflicts are inevitable, a town should act to prohibit a director of real property tax services from engaging in business as a real estate broker in the county.